**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **MARK WOODS, individually, and on behalf of all others similarly situated,**<br>**Plaintiff,**<br><br>**v.**<br><br>**WALGREEN EASTERN CO., INC.,**<br>**Defendant.** | **August 15, 2025** |

## CLASS ACTION COMPLAINT

## I. INTRODUCTION

1. In Connecticut, employers must pay their employees no less frequently than "weekly, or once every two weeks, all wages, salary or other compensation due each employee on a regular pay day[.]" C.G.S. Section 31-71b(a)(1). All wages due must be paid within eight days of the close of a pay period. C.G.S. Section 31-71b(b) ("The end of the pay period for which payment is made on a regular pay day shall be not more than eight days before such regular pay day..."). "When any employer fails to pay an employee wages in accordance with the provisions of [Section 31-71b] …, such employee … shall recover, in a civil action, (1) twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court,…" C.G.S. Section 31-72.

2. This remedial statute "provides penalties in order to deter employers from deferring wage payments once they have accrued." *Shortt v. New Milford Police Dept.*, 212 Conn. 294, 309 (1989); *Casuto v. Town of Greenwich*, 2013 WL 7020504 (Conn. Super. Dec. 20, 2013) (lawsuit for penalty damages was not mooted by the employer paying back wages six months earlier); *Jeska v. Hartford Healthcare Corp.*, 2025 WL 1166121, *5 (Conn. Super. Ct.

Apr. 15, 2025) (denying motion to strike claim for penalty damages under C.G.S. Sec. 31-72, even though final wages paid before lawsuit filed in violation of C.G.S. Sec. 31-71c(b)); *Ochieke v. Turbine Controls, Inc.*, 2014 WL 6427476, at *3 (Conn. Super. Ct. Oct. 8, 2014) (Elgo, J) (denying motion to strike claim under Sec. 31-71c(b) where defendant alleged that the plaintiff had no damages because he was paid his final wages, albeit late); *see also Reuter v. City of Methuen*, 489 Mass. 465, 476 (2022) (allowing suit for liquidated damages under Massachusetts Wage Act when payment was three weeks late); *Rigopoulos v. Kervan*, 140 F.2d 506, 507 (2d Cir. 1943) (affirming a judgment for FLSA liquidated damages for plaintiffs who were paid their back wages before filing suit).

3. Here, Defendant Walgreen Eastern Co., Inc. ("Walgreen") paid Plaintiff and other Connecticut employees on a monthly basis rather than biweekly as required by law. It paid them on the twenty-sixth day of every month for all work they performed during the month. As a result, the wages due for the first fourteen days of every month, which were due by the 22nd of the month, were paid on the 26th of the month – four days late. Walgreen's policy of paying its employees later than the law requires resulted in it retaining and delaying the payment of millions of dollars in its employees' wages for its own use and benefit to the loss and detriment of its employees.

## II. PARTIES

4. Defendant, Walgreen Eastern Co., Inc. is a corporation organized and existing under the laws of the State of New York and with a principal place of business at 108 Wilmot Road, Deerfield, Illinois.

5. Plaintiff, Mark Woods is an individual residing in Oxford, Massachusetts. At all times relevant, Woods was an employee of Defendant and worked as a Distribution Center

Supervisor (DCS) at its distribution center located at 500 Forbes Road, Dayville, Connecticut from 1990 until June 24, 2024.

## III. JURISDICTION AND VENUE

6. This court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332 since the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000. It also has jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), as codified in relevant part in 28 U.S.C. Sec. 1332(d)(2).

7. This court has personal jurisdiction over the Defendant because it maintains dozens of locations in Connecticut where it employs hundreds, if not thousands, of workers and sells products to Connecticut residents. As a result, it transacts business in Connecticut, committed a tortious act in Connecticut, regularly does business in Connecticut and derives substantial revenue from services rendered in Connecticut. It is therefore subject to the personal jurisdiction of the District of Connecticut under Connecticut's long arm statute, C.G.S. Sec. 52-59b(a).

8. Venue exists in this district pursuant to 28 U.S.C. Sec. 1391 because the events giving rise to the claim occurred within this district.

## IV. LEGAL PRINCIPLES

9. In Connecticut, employers must pay their employees no less frequently than every two weeks. C.G.S. Section 31-71b(a)(1). Wages must be paid within eight days of the close of the pay period. C.G.S. Section 31-71b(b).

10. Pursuant to this law, if a pay period begins on the first of a month, it must end no later than the fourteenth of the same month and all wages due for work performed during that period must be paid by the 22nd of the same month.

11. "When any employer fails to pay an employee wages in accordance with the provisions of [Section 31-71b] …, such employee … ***shall*** recover, in a civil action, (1) ***twice the full amount of such wages***, with costs and such reasonable attorney's fees as may be allowed by the court, or (2) if the employer establishes that the employer had a good faith belief that the underpayment of wages was in compliance with law, the full amount of such wages or compensation, with costs and such reasonable attorney's fees as may be allowed by the court." C.G.S. Sec. 31-72 (emphasis added).

12. Pursuant to this law, employers owe twice the amount of any late paid wages when they are sued, but only the amount of any late paid wages (i.e., not "twice" that amount ) if they prove by a preponderance of the evidence that they took active steps in good faith to learn the law and took active steps in good faith to comply with the law.

13. Section 31-72's language specifically authorizes Connecticut employees to sue their employers when they fail to pay their wages in accordance with our State's timing statutes, like Sec. 31-71b. *Jeska*, 2025 WL 1166121, at *3 (holding that lawsuits may be maintained under the Wage Act when final paychecks are not paid to terminated employees by the next business day as required by C.G.S. Sec. 31-71c).

14. Employers are subject to lawsuits for late payments of wages even though the wages were paid prior to the filing of the lawsuit. *Casuto*, 2013 WL 7020504, at *3-4; *Jeska*, 2025 WL 1166121, at *3-5; *Ochieke*, 2014 WL 6427476, at *3.

## V. FACTS

15. Defendant owns and operates dozens of pharmacy and other locations in Connecticut and employs thousands of people to work at its Connecticut locations.

16. Defendant employed Plaintiff from 1990 until June 24, 2025. Defendant employed him as a Distribution Center Supervisor in his last years with the company and paid Plaintiff an annual salary of $95,000 or approximately $1,827 per week.

17. Defendant maintains a common payroll policy of paying Plaintiff and other employees on a monthly basis. It has paid them on the 26th day of each month for all the work they performed during that calendar month.

18. For example, for the work Plaintiff performed during the month of March 2024, Defendant paid him on March 26, 2024.

19. Defendant should have paid Plaintiff for the work he performed between March 1 and March 14, 2024, approximately $3,654, eight days later or by March 22, 2024.

20. Instead, Defendant paid Plaintiff for the work he performed during this period on March 26, 2024, i.e., four days after the date required by Connecticut law.

21. Accordingly, Defendant is liable to Plaintiff for the work he performed during the first two weeks of March 2024 for "twice" the amount they paid him, i.e., $7,308, plus attorneys' fees and costs.

## VI. CLASS ACTION ALLEGATIONS

22. Plaintiff brings this claim on behalf of himself and all other members of the Class.

23. The Class is defined as follows:

> All Connecticut employees of Defendant who were paid on a monthly basis during the period commencing two (2) years immediately preceding this lawsuit, i.e., August 15, 2023 and going through the date of final judgment in this matter.

24. Class certification is appropriate under Rule 23 of the Federal Rules of Civil Procedure because all the requirements of these rules are met.

25. The Class is so numerous that joinder of all Class Members is impracticable. Defendant has maintained dozens of pharmacy and other locations in Connecticut during the period of the claim and employed hundreds, if not thousands, of workers in Connecticut who were paid monthly on or around the 26th of each month during the period of the claim.

26. There are questions of law and fact common to the Class, including whether or not Defendant's policy and/or practice of paying their employees on a monthly basis and on the 26th of the month violates Connecticut law by paying for the work they perform during the first 14 days of the month on the 26th of the month.

27. Plaintiff's claims are typical of those of the Class Members. Plaintiff's claims encompass the challenged policies and/or practices and course conduct of Defendants. Furthermore, the claims of the Plaintiff are based on the same legal theories as the claims of the putative Class Members. The legal issues as to the violation of the Connecticut Wage Act by Defendant's conduct applies equally to Plaintiff and to the Class.

28. Plaintiff will fairly and adequately protect the interests of the Class. The claims of the Plaintiff are not antagonistic to those of the putative Class, and he has hired counsel skilled in the prosecution of class actions.

29. Common questions of law and fact predominate over questions affecting only individuals, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. This proposed class action is the superior method of adjudication because it presents few management difficulties, conserves the resources of the Parties and the court system, protects the rights of each Class Member, and maximizes recovery to Plaintiff and the Class Members.

30. The class is administratively feasible to ascertain since the identities of the Class can be discerned by an examination of Defendant's own payroll records.

**COUNT I– Failure to pay wages in violation of C.G.S. Sec. 31-71b to the Class**

31. Defendant Walgreen's conduct in failing to pay Plaintiff and the Class for the work they perform during the first 14 days of the month on the 26th rather than by the 22nd violates the Connecticut Wage Act, C.G.S. Sec. 31-71b(a)1 and 31-71b(b).

32. Defendant's conduct resulted in it retaining and delaying the payment of millions of dollars of its employees' wages for its own use and benefit to the loss and detriment of its employees.

33. As a result of the foregoing, Defendant is liable to Plaintiff and the Class for "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court,…" C.G.S. Sec. 31-72.

**DEMAND FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court:

1. Certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;
2. Appoint Plaintiff as Class Representative;
3. Appoint the undersigned as Class Counsel;
4. Award "twice the full amount of such wages, with costs and such reasonable attorney's fees as may be allowed by the court" pursuant to C.G.S. Sec. 31-72;
5. An award of prejudgment interest in accordance with C.G.S. Sec. 37-3a;
6. Award an incentive payment to the Plaintiff; and
7. Award such other relief as the Court deems just.

The Plaintiff, MARK WOODS, individually, and on behalf of all others similarly situated.

By his Attorneys,

Thomas J. Durkin (ct30371)
Richard E. Hayber (ct11629)
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06103
Tel.: 860-522-8888
Fax: 860-218-9555
Email: rhayber@hayberlawfirm.com
Tdurkin@hayberlawfirm.com